UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH CRENSHAW,

        Petitioner,

v.                                        Case No.:  5:24-cv-93-SPC-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

        Respondent.
_____/

## OPINION AND ORDER

Before the Court is Joseph Crenshaw's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 7). Crenshaw challenges his 2021 convictions and concurrent Life and 15-year prison sentences for robbery with a firearm while wearing a mask and possession of a firearm by a felon while wearing a mask offenses. In his Amended Petition, Crenshaw raises two grounds for relief: that his trial counsel was ineffective for failing to object to the trial court's acceptance of a prosecution witness as an expert in the jury's presence and was also ineffective for failing to move for a mistrial for the same reasons. (Doc. 7 at 4). Respondent argues the petition is untimely and, alternatively, should be denied as insufficiently pleaded or on the merits. (Doc. 12).

## I. Background

In an amended information filed on October 8, 2019, in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, Crenshaw was charged with robbery with a firearm while wearing a mask (Count I) and possession of a firearm by a felon while wearing a mask (Count II). (Doc. 13-1 at 95–96). Crenshaw proceeded to a bifurcated jury trial, with jury selection conducted on June 1, 2021, and the trial on June 2 and 3, 2021. (*Id.* at 131–34, 229, 242–43).

Crenshaw's charges relate to a robbery at the Lucky Panda Internet Café on June 4, 2018. The proceedings and testimony provided at trial are summarized by the state postconviction court. (*Id.* at 1249–57). Most of the proceedings are not relevant to Crenshaw's claims. In sum, an employee at the Lucky Panda rang a known customer into the store in the early morning hours, then encountered a man wearing a wolf mask holding a gun in the lobby who proceeded to rob her. The employee gave the robber approximately $2,500 accompanied with a GPS tracker and called 911 once the robber left. Law enforcement utilized the tracker and encountered a single car in the location of the tracker, in which Crenshaw was in the backseat—shirtless, barefoot, and wearing cargo pants—and appeared to be very sweaty. A gun fell out of the vehicle when a deputy opened the backseat door where Crenshaw was sitting. Law enforcement officers testified regarding the investigation

that led to Crenshaw's arrest. The State also called Crenshaw's co-defendant, Dennis Waters, who received a seven-year prison sentence in exchange for truthful testimony. (*Id.*)

Relevant here, the State called Brook Hoover, a FDLE crime laboratory analyst in the biology DNA section, as a witness. (*Id.* at 800–50). The State proceeded to elicit Hoover's education, training, and employment to establish her as an expert in DNA analysis and testing. (*Id.* at 801–04). The State then asked the trial court to permit Hoover as an expert, stating, "And Your Honor, at this time I would ask that the witness be permitted to testify to her opinion regarding the field of forensic DNA analysis." (*Id.* at 805). The trial court replied, "You may proceed." (*Id.*) Counsel for Crenshaw did not object to the tender and acceptance of Hoover as an expert witness. (*Id.*) Hoover testified that Crenshaw is included as the major contributor to the mixed DNA profile obtained from the blue shirt, the mask and hat, whereas the profiles from other individuals investigated failed to demonstrate sufficient statistical support for inclusion or exclusion. (*Id.* at 822, 824, 834).

After the close of the State's case, Crenshaw presented two alibi witnesses. (*Id.* at 898–922). The trial court denied his renewed motion for judgment of acquittal, and the jury convicted Crenshaw as charged on Count I. (*Id.* at 1028). The jury later convicted him of Count II. (*Id.* at 1055). Crenshaw was sentenced to life in prison with a minimum mandatory sentence

of 10 years as to count one and 15 years in state prison with a minimum mandatory sentence of 10 years as to count two. (*Id.* at 246–54).

Crenshaw timely appealed his convictions and sentence. (*Id.* at 304). Court-appointed counsel filed an *Anders*[1] brief, and Crenshaw thereafter filed a pro se brief arguing that the trial court erred in denying his hearsay objection regarding introduction of third-party GPS data. (*Id.* at 1164–1205, 1207–27). On April 29, 2022, the Fifth District Court of Appeal (Fifth DCA) per curiam affirmed the judgment and sentence but remanded to correct a scrivener's error in the judgment; mandate issued on May 27, 2022. (*Id.* at 1229–30, 1232); *see also Crenshaw v State*, 338 So. 3d 425 (Fla. 5th DCA 2022).

On March 13, 2023, Crenshaw filed a motion for post-conviction relief, alleging that his trial counsel was ineffective for failing to object or move for mistrial when the State tendered, and the trial court accepted, Hoover as an expert witness. (Doc. 13-1 at 1247–66). On April 6, 2023, the trial court summarily denied his claim. (*Id.* at 1268–72). Crenshaw appealed and filed a pro se initial brief. (*Id.* at 1317–51). On November 21, 2023, the Fifth DCA per curiam affirmed the trial court's denial of post-conviction relief, and the mandate issued on December 15, 2023. (*Id.* at 1353–54, 1356); *see also Crenshaw v State*, 373 So. 3d 876 (Fla. 5th DCA 2023). On February 16, 2024,

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Crenshaw sought certiorari review with the Supreme Court of the United States. (Doc. 13-1 at 1358–87). On April 15, 2024, the Supreme Court denied the petition. *See Crenshaw v. Fla.*, 144 S. Ct. 1365 (2024).

Crenshaw initiated this action on February 21, 2024.[2]

## II. Applicable Habeas Law

### A. AEPDA

The Antiterrorism Effective Death Penalty Act (AEDPA) governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). A state court's violation of state law is not enough to show that a petitioner is in custody in violation of the

---

[2] Crenshaw filed an amended § 2254 petition on April 23, 2024. (Doc. 7 at 28). The Court assumes that the Amended Petition relates back to the filing date of the original petition. *See* Fed. R. Civ. P. 15(c)(1); *Haecker v. Sec'y, Dep't of Corr.*, No. 5:17-cv-89-WFJ-PRL, 2019 WL 1763221, at *4 n.10 (M.D. Fla. Apr. 22, 2019) (assuming, for purposes of deciding timeliness under AEDPA, that "the amended petition relates back to the original petition").

"Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *White*, 572 U.S. at 419; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Habeas relief is appropriate only if the state court decision was "contrary to, or involved an unreasonable application of," that federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that

principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).

When reviewing a claim under 28 U.S.C. § 2254(d), a federal court must remember that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (cleaned up). "[T]his standard is difficult to meet because it was meant to be." *Sexton v. Beaudreaux*, 585 U.S. 961, 965 (2018) (cleaned up).

### B. Timeliness

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the AEDPA, a one-year limitation period applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Crenshaw does not allege, nor does it appear from the pleadings or record, that the statutory triggers set forth in §§ 2244(d)(1)(B)–(D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Crenshaw's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### C. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief for ineffective assistance of counsel. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.*

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). And "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020) (quoting *Richter*, 562 U.S. at 101). Thus, a habeas petitioner must "show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." *Id.* This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 571 U.S. 12, 15 (citing *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011)).

The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Sealey*, 954 F.3d at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The critical question on federal habeas review is not whether this Court can see a substantial likelihood of a different result had defense counsel taken a different approach. *Mays v. Hines*, 592 U.S. 385, 392 (2021). All that

matters is whether the state court, "notwithstanding its substantial 'latitude to reasonably determine that a defendant has not [shown prejudice],' still managed to blunder so badly that every fairminded jurist would disagree." *Id.* (quoting *Knowles v. Mirazayance*, 556 U.S. 111, 123 (2009)).

"An ineffective-assistance claim can be decided on either the deficiency or prejudice prong." *Sealey*, 954 F.3d at 1355. And "[w]hile the *Strickland* standard is itself hard to meet, 'establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.'" *Id.* (quoting *Richter*, 562 U.S. at 105).

### III. Analysis

### A. Timeliness

Respondent asserts that the petition is untimely. (Doc. 12 at 9–12). However, Respondent's calculations are inaccurate, inconsistent, and ultimately incorrect.

Crenshaw's conviction became final on July 28, 2022, which is 90 days after the Fifth DCA's per curiam affirmance.[3] *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004) (per curiam). The one-year

---

[3] Although the Fifth DCA remanded for correction of a scrivener's error on the judgment and sentence, the entry of the amended judgment does not reset the limitations period. *See, e.g., Mathews v. Sec'y*, No. 8:09-cv-57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (noting that correction of scrivener's error did not restart AEDPA's one-year limitation period).

limitations period ran for 228 days, when Crenshaw filed his Rule 3.850 motion on March 13, 2023.[4] The limitations was tolled until December 15, 2023, when the Fifth DCA issued its mandate. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (per curiam) (holding that a Florida postconviction motion remains pending until the mandate issues in the appeal). Crenshaw filed his petition 68 days later on February 21, 2024, meaning 296 days had elapsed in the 365-day limitations period.[5] The Petition was therefore timely filed.

## B. Sufficiency of Pleading

Respondent contends that Crenshaw realleges the facts as set forth in his Rule 3.850 motion but does not make any argument specific to his claims other than as they are asserted in the heading for claim one. (Doc. 12 at 11). Thus, Respondent submits that the petition is insufficiently pleaded.

---

[4] In reply (Doc. 14 at 2), Crenshaw asserts that he filed the Rule 3.850 motion on March 8, 2023. However, the records he presents undermine his argument, as the motion states it was provided for mailing on March 13, 2023, and nothing in the signature block or other records undermines this. (Doc. 13-1 at 1247–67). As Crenshaw notes (Doc. 14 at 2), this has no impact on the calculations.

[5] Although Crenshaw petitioned for a writ of certiorari from the Supreme Court of the United States days before filing the instant habeas action, this did not have the effect of tolling the limitations period. *See Lawrence v. Florida*, 549 U.S. 327 (2007) (explaining that an application for state post-conviction review is not "pending" after the state court's post-conviction review is complete and § 2244(d)(2) does not toll the one-year limitations period during pendency of a petition for certiorari).

The Court agrees that Crenshaw's claims are due to be denied as conclusory. Crenshaw gives sparse factual allegations in support of his claims and has not pled facts supporting a showing of prejudice. Instead of alleging how his counsel was ineffective, Crenshaw merely recites his case's procedural history and testimony at trial. (Doc. 7 at 4–13). In reply, Crenshaw states that he "relies on his previously filed § 2254 Petition and Memorandum of Law in support of his deficient performance and prejudice arguments." (Doc. 13 at 3). The problem for Crenshaw is that he did not provide a memorandum of law and has otherwise made no arguments in support of his deficient performance arguments. For these reasons alone, the Amended Petition is due to be denied. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (Rules Governing Section 2254 Cases in the United States District Court "mandate 'fact pleading' as opposed to 'notice pleading.' "); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (holding that conclusory allegations of ineffective assistance of counsel are insufficient to merit habeas relief).

### C. Merits

Crenshaw's claims also fail on the merits because the record refutes any claim of deficient performance of trial counsel. As the trial court found in denying Crenshaw's Rule 3.850 motion, the jury was given a standard instruction regarding expert witnesses. (Doc. 13-1 at 1269). The trial court addressed a conflict between the state appellate courts but noted that the Fifth

DCA had found that it disagreed with a sister court's finding "that a trial court's declaration that a witness is an expert is error." *Mitchell v. State*, 207 So. 3d 369 (Fla. 5th DCA 2016). Therefore, the trial court found counsel "cannot be deemed ineffective for failing to make a meritless objection or argument." (Doc. 13-1 at 1271). "Moreover, [Crenshaw] failed to establish that due to Ms. Hawthorne's failure to object when the State tendered, and the Court accepted Ms. Hover [sic] as an expert witness in front of the jury the outcome of his trial would be different." (*Id.*) The trial court added, "With respect to [Crenshaw's] claim that Ms. Hawthorne provided ineffective counsel when she failed to move for a mistrial based on the tender and acceptance of Ms. Hoover as an expert witness, the Court addressed the tender and acceptance of Ms. Hoover above. Ms. Hawthorne cannot be deemed ineffective for failing to file a meritless motion for a mistrial." (*Id.*) (citing *Ferrell v. State*, 29 So. 3d 959 (Fla. 2010)).

Given the deferential treatment afforded the state court's ruling and Crenshaw's failure to plead how counsel was ineffective, his allegations of ineffective assistance of trial counsel also fail on the merits. The state court's rejection of Crenshaw's claims is consistent with federal law and supported by the record. The Constitution does not require defense counsel to raise meritless arguments. The Court thus denies Crenshaw's federal habeas claims.

## IV. DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Crenshaw has not made the requisite showing here and may not have a certificate of appealability on his Amended Petition.

## V. Conclusion

Although the Amended Petition is considered timely filed, it is due to be denied because it is insufficiently pleaded and also fails on the merits.

Accordingly, it is now

**ORDERED:**

1. Petitioner Joseph Crenshaw's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 7) is **DENIED,** and this action is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on August 20, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record